**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| WISLANDI ESCOBAR CASTEJON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03384-RK |
| | ) | |
| MARKWAYNE MULLIN, SAMUEL OLSEN, AND CASS MARTIN, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

# ORDER

Before the Court is Petitioner Wislandi Escobar Castejon's Second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Court previously granted Petitioner's First Petition for Writ of Habeas Corpus which challenged his detention without a bond hearing, and the Court ordered that Petitioner be released or granted a bond hearing within 10 days. Petitioner now argues that the bond hearing he received pursuant to the Court's first habeas order did not comport with his constitutional due process rights. Accordingly, he seeks declaratory relief and either his release from detention or another bond hearing. Respondents filed a response in opposition, and Petitioner filed a reply. (Docs. 4, 5.) After careful consideration and review, the Court **ORDERS** that the Second Petition for Writ of Habeas Corpus is **GRANTED**.

## Background and Procedural Posture

Petitioner is currently being held in custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement at the Ozark County Jail located in Gainesville, Missouri. Petitioner is a native and citizen of Venezuela. Petitioner entered the United States without legal authorization over four years ago. After entering the United States in June 2022, Petitioner was released on parole and timely filed an asylum application. (Doc. 1 at ¶ 23.) Petitioner later received an employment authorization document allowing him to legally work in the United States. (*Id.* at ¶ 5.) Petitioner was previously ordered removed by an Immigration Judge, and an appeal of that order is currently pending before the Board of Immigration Appeals. (*Id.* at ¶ 4.)

On January 16, 2026, Petitioner was taken into custody by federal immigration authorities when he attended a check-in at an ICE office. He was detained and held without a bond hearing

under the Immigration and Nationality Act ("INA") as being present in the United States illegally or without legal authorization, pending removal proceedings.

Previously, on January 30, 2026, Petitioner filed his First Petition for Writ of Habeas Corpus challenging his detention without a bond hearing. *Wislandi Escobar Castejon v. Kristi Noem, et al.*, No. 6:26-cv-03049-RK ("First Petition"). Petitioner raised two claims for release from detention or a bond hearing before an Immigration Judge: (1) Petitioner challenged the constitutionality of his detention and his detention without bond under the Due Process Clause, and (2) Petitioner challenged the legality of his detention without a bond hearing under the INA. On February 24, 2026, the Court granted habeas relief, finding that Petitioner's detention without a bond hearing was unlawful under the INA ("Habeas Order"). (First Petition, doc. 8.) Specifically, consistent with the then-prevailing caselaw of both district courts within this circuit and federal courts nationwide,[1] the Court held that 8 U.S.C. § 1226(a)—and not 8 U.S.C. § 1225(b)(2)(A) as argued by the Government—applied to Petitioner's detention as a matter of law and statutory interpretation. Accordingly, the Court ordered that "Petitioner be released or granted a bond hearing within 10 days[.]" (*Id.* at 3.) The Court—consistent with Federal Respondents' suggestion, (First Petition, doc. 6 at 3)—therefore did not further address or consider Petitioner's due process challenge to his detention or his detention without bond.

On the next day, February 25, 2026, the Immigration Court issued a "Notice of Custody Redetermination Hearing in Immigration Proceedings" that a "custody redetermination hearing" before an Immigration Judge was scheduled in Petitioner's case for the same day at 1:00 PM.[2] (First Petition, doc. 10-2). The Immigration Judge held the hearing, and denied Petitioner's request for release on bond, finding that:

> [Mr. Castejon] has not proven that he is not a danger to the community. The record includes evidence that he was arrested for domestic violence. He claims that he

[1] Since the Habeas Order, the Eighth Circuit issued its opinion in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit held in a habeas case that as a matter of law and statutory interpretation, the federal government may detain aliens who are present within the United States and who have previously entered the United States illegally or without legal authorization under 8 U.S.C. § 1225(b)(2)(A), that is, without bond. The Eighth Circuit in *Avila* only addressed the legality of the habeas petitioner's detention as a matter of statutory authority and statutory interpretation and did not consider a specific due process challenge to such detention. *See id.* at *8 n.8 (J. Erickson, dissenting).

[2] It appears that Petitioner had previously been scheduled to appear before the Immigration Court on February 25, 2026, "for his removal proceedings master calendar hearing," which is an initial procedural hearing in Petitioner's immigration case. (First Petition, doc. 10 at 1.) *See* 8 C.F.R. § 1240.10.

> was ordered to perform community service. The Court otherwise has very little evidence in the record to make an assessment on this incident. [Mr. Castejon] entered the United States illegally and has since been arrested for a crime of violence. Additionally, the Court finds [Mr. Castejon] is subject to custody under the Laken Riley Act. INA Sec. 236(c).

(Doc. 4-1 at 3.) The Immigration Judge further noted that while Petitioner "claims that he completed anger management" and "claims that he has letters from friends tending to show that he is not a danger to the community," neither of those records were "in the file." (*Id.*) The Immigration Judge thus concluded that Petitioner "has not carried his burden to prove that he is not a danger to the community" for purposes of § 1226(a)[3] and denied Petitioner's request for release on bond. (*Id.*)

## Legal Standard

The Constitution provides that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). Habeas corpus protection applies to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Pursuant to 28 U.S.C. § 2241(c)(3), the writ of habeas corpus is extended to persons "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner bears the burden of proving that his detention is unlawful. *See Maye v. Pescor*, 162 F.2d 641, 643 (8th Cir. 1947) (noting that "[t]he burden was on appellant to establish some or all of the charges in his [habeas] petition").

## Discussion

Petitioner seeks habeas relief, arguing that his bond hearing, held less than 24 hours after the Court's Habeas Order, failed to comport with his procedural due process rights. (Doc. 1.) Petitioner contends that the rushed bond hearing prejudiced his ability to effectively argue his case for release on bond pending his removal proceedings because he had no opportunity to submit documents that the Immigration Judge specifically cited were missing.

Pursuant to the statutory provisions of the INA, an alien is entitled to a bond hearing and potential release on bond if the alien is being detained pursuant to § 1226(a), but not if the alien is being detained pursuant to § 1225(b)(2) or § 1226(c).

---

[3] "If the alien is detained" pursuant to § 1226(a), "the alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d); *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006)).

Federal Respondents do not meaningfully address the Immigration Judge's § 1226(a) findings. Instead, Federal Respondents argue that because the Immigration Judge alternatively found that Petitioner is subject to mandatory detention pursuant to § 1226(c), Petitioner is no longer entitled to a bond hearing because neither due process nor the INA require a bond hearing when an alien is detained pursuant to § 1226(c). Therefore, according to Federal Respondents, it makes no difference that the bond hearing Petitioner did receive failed to comport with due process. Federal Respondents assert that the Court is bound by *Demore v. Kim*, 538 U.S. 510 (2003), wherein the Supreme Court held that mandatory detention of criminal aliens pursuant to § 1226(c) pending removal proceedings did not violate procedural due process.

The Court notes that since Petitioner was taken into custody, Federal Respondents maintained that Petitioner was subject to detention under § 1225(b)(2), (*see* First Petition, doc. 6), and as best the Court can discern, § 1226(c) was raised for the first time by the Immigration Judge in his February 25, 2026 order. *Demore* does not address the issue presented here, which is whether Petitioner was entitled to constitutionally sufficient notice of the bond hearing which had been ordered by the Court and which was held (pre-*Avila*) by the Immigration Court in lieu of federal immigration authorities releasing Petitioner from custody. A hearing held under these circumstances must comply with the basic fairness and notice requirements fundamental to procedural due process required by the U.S. Constitution (Federal Respondents do not argue otherwise). *See AARP v. Trump*, 605 U.S. 91, 94 (2025) ("[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."); *De Leon Trjo v. Bullock*, No. 26-5186, 2026 WL 2057094, at *2 (6th Cir. May 14, 2026) (federal courts can "review whether the [immigration] bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process" (citing *Demore*, 538 U.S. at 517; *AARP*, 605 U.S. at 95-96)); *Blandon v. Barr*, 434 F. Supp. 3d 30, 41-42 (W.D.N.Y. 2020) (explaining that while the immigration judge "has broad discretion when calendaring" bond hearings—in that case, a district court-ordered individualized bond hearing—"that broad discretion must comport with the requirements of the Due Process Clause"); *Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026) ("The court agrees that compliance with its order [requiring the government provide the petitioner with a bond hearing pursuant to § 1226(a)] required not just the form of a bond hearing, but the substance, requiring notice to the petitioner and counsel and a reasonable opportunity to adduce evidence relevant to the immigration judge's determination.").

Here, the Immigration Court held a bond hearing as ordered by the Court almost exactly 24 hours after the Court's Habeas Order and with mere hours' notice of the hearing to Petitioner. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) (holding that due process requires both "written notice" and "a brief period of time after the notice, no less than 24 hours" to allow an inmate to prepare for a disciplinary hearing; recognizing that "[p]art of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact"); *cf. Hughes v. Lee Cty. Dist. Ct., Ft. Madison, IA*, 9 F.3d 1366, 1367 (8th Cir. 1993) (finding no due process violation where "[p]etitioner received notice of the disciplinary actions against him at least twenty-four hours before his disciplinary hearings, as constitutionally required under" *Wolff*). Implicit in the Court's Habeas Order directing either Petitioner's release or a bond hearing within 10 days was that any potential bond hearing provided comport with the basic fairness and notice requirements of procedural due process required by the U.S. Constitution. Federal Respondents do not contest that the notice given to Petitioner was constitutionally insufficient. Petitioner's contention that the rushed bond hearing prejudiced his ability to effectively argue his case for release on bond pending his removal proceedings because he had no opportunity to submit documents that the Immigration Judge specifically cited were missing is well taken. Because Petitioner did not receive a constitutionally adequate bond hearing under these circumstances he is entitled to habeas relief.

## Conclusion

After careful consideration and for the reasons explained above, the Court **ORDERS** that Petitioner's Second Petition for Writ of Habeas Corpus, (Doc. 1), is **GRANTED**. The Court **FURTHER ORDERS** that Petitioner be released or granted a bond hearing within 10 days of the date of this Order. Petitioner, and if applicable, his counsel, shall receive written notice at least 24 hours prior to any bond hearing held by the Immigration Court.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 4, 2026