**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| WISLANDI ESCOBAR CASTEJON,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, SAMUEL OLSEN, AND CASS MARTIN,<br><br>Respondents. | ) | Case No. 6:26-cv-03384-RK |

**ORDER**

Before the Court is Petitioner Wislandi Escobar Castejon's post-judgment motion to enforce the Court's Order, (Doc. 7), granting habeas relief. (Doc. 9.) The motion to enforce is fully briefed. (Docs. 11, 12.)

After the filing of Petitioner's motion to enforce, Petitioner received a bond redetermination hearing at which Petitioner's attorney appeared and entered 14 pieces of evidence in support of his request for custody redetermination, including Petitioner's lease agreement, electric bill, certificate of title for a vehicle, proof of car insurance, Form 1099's from Uber and Amazon, and 6 letters in support. (Doc. 12-2.) The Immigration Judge found that Petitioner "carried [his] burden via the evidence in the record to show that [he] is not a danger."[1] (Doc. 12-1 at 12.) However, the Immigration Judge denied Petitioner's request for custody redetermination because he found that Petitioner had not "met [his] burden to show [] that [he is] not a flight risk." (*Id.* at 14.) The Immigration Judge cited multiple reasons supporting this finding, including

[1] The Court granted Petitioner's motion for habeas relief in this case in the context of an earlier rushed bond hearing at which the Immigration Judge found that Petitioner had "not carried his burden to prove that he is not a danger to the community." (*See* Doc. 4-1 at 3 (order denying bond which cited missing documentation which Petitioner had not had the opportunity to gather and to submit because of the rushed nature of the bond hearing).) The Court also notes that another point of concern was the Immigration Court's finding, apparently asserted for the first time in Petitioner Castejon's first bond redetermination hearing, that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). (*See* Doc. 5 at 1, 3-4; Doc. 7 at 4.) At the most recent bond redetermination hearing that is the subject of the motion to enforce, the Immigration Judge noted that the previously referenced arrest had been expunged and/or dismissed. (Doc. 12-1 at 11-12.) The Immigration Judge made no finding that Petitioner was subject to mandatory detention under § 1226(c) on this basis.

(1) Petitioner has an order of removal currently pending before the Board of Immigration Appeals; (2) Petitioner has only been in the United States for 3 to 4 years; (3) Petitioner did not have his address memorized (i.e., the address Petitioner stated he would be living with his fiancé if he were to be released); and (4) Petitioner has limited familial contacts in the United States (a fiancé and aunt and friends in other states). (*Id.*) Petitioner may pursue an administrative appeal of the Immigration Judge's bond redetermination proceeding. On this record, Petitioner's post-judgment motion to enforce is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 16, 2026